Peter Chang

2377 Alamo Heights Drive Diamond Bar, California 91765

626-905-1555

pchang@protoprism.com

Plaintiff in Pro Per

FILED
2016 APR 12 AM 11: 26
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No: CV16-02503 PA(RAOx)

**PETER CHANG**

Plaintiff in Pro Per

vs.

**FIRST NATIONAL BANK OF OMAHA, N.A.**

Defendant

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

**1.** This is an action for damages brought from violations of the **Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq.**

## II. JURISDICTION

**2.** This Court has jurisdiction under 15 U.S.C. §1681p.

### III. VENUE

3. Venue is proper because the events occurred in this district.

### IV. PARTIES

4. Plaintiff's name is **Peter Chang**.

    Plaintiff resides at: **2377 Alamo Heights Drive Diamond Bar, California 91765**

5. Defendant **FIRST NATIONAL BANK OF OMAHA, N.A.**

    Located at: **1620 Dodge Street Omaha, Nebraska 68197**.

### V. STATEMENT OF FACTS

6. The Defendant FIRST NATIONAL BANK OF OMAHA, N.A. located at 1620 Dodge Street Omaha, Nebraska 68197 is a credit lender and as such governed under the law by The Fair Credit Reporting Act 15 USC §1681, et seq. and also reports these accounts to the national credit reporting agencies (i.e. Equifax, Experian, TransUnion).

7. The State of California abides by and adheres to these laws, specifically the Fair Credit Reporting Act § 618 15 USC §1681p, et seq.  Thus the jurisdiction of this honorable court has been established.

8. The Plaintiff denies ever having any contractual agreement for credit, loans, or a services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account is not in question here.  The matters here are how the dispute was or were not verified; willful misconduct of the Defendant in inserting erroneous and inaccurate information, refusal to remove that information, and the failure of the Defendant to indicate the account is in dispute in the Plaintiff's credit reports.  All these acts violated the Plaintiff's civil rights as outlined in The Fair Credit Reporting Act 15 USC §1681, et seq.

9. The Plaintiff most recently requested a copy of his Credit Report from Equifax, Experian, and TransUnion on February 15, 2016. The Plaintiff was alerted to this erroneous reporting through his credit monitoring service Equifax who also records these transactions.

10. Upon inspection of the said report the Plaintiff observed that FIRST NATIONAL BANK OF OMAHA, N.A. (hereinafter "FNBO") was listed on the Plaintiff's Equifax and Experian credit reports, indicating a debt/account due to FNBO.

11. The Plaintiff has not now or ever had any business affiliation or relationship with FNBO and has never applied for any type of mortgage, loan, credit card or insurance with the Defendant.

12. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail on February 1, 2016 which the Defendant received on February 5, 2016 asking for proof of this alleged account. The Plaintiff had contacted the Defendant by U.S. Postal Service Certified Mail on several other occasions prior to this (all mailings confirmed delivered at duly authorized mailing address), with the corresponding postmark and delivery dates below:
1. **Sent:** Dec. 27, 2014 / **Received:** Dec. 30, 2014
2. **Sent:** Jan. 17, 2015 / **Received:** Jan. 22, 2015
3. **Sent:** Jan. 26, 2015 / **Received:** Jan. 30, 2015
4. **Sent:** Feb. 12, 2015 / **Received:** Feb. 17, 2015
5. **Sent:** Mar. 12, 2015 / **Received:** Mar. 16, 2015
6. **Sent:** May 9, 2015 / **Received:** May 12, 2015
7. **Sent:** June 5, 2015 / **Received:** June 9, 2015

13. The Defendant never responded to even one of the mailings above with proof of the alleged account. Even when notified by the 3 major credit reporting agencies, who also received copies of each dispute letter.

14. The Plaintiff had never received an answer from the Defendant and has attempted to have an explanation from the Defendant without any response for over one year. After not receiving any answer from the Defendant, the Plaintiff contacted the Defendant on February 26, 2016 with a final notice of Pending Lawsuit in an attempt to settle this situation amicably to try and get a response from the Defendant prior to filing this complaint. The Defendant received this letter on March 2, 2016 via U.S. Postal Service Certified Mail. The Defendant has never responded to the Plaintiff and continues its willful misconduct with total disregard to the Plaintiff's dispute.

15. The Plaintiff has tried every way possible to resolve these issues but has never received an answer from FNBO. Thus forcing the Plaintiff to seek Justice and for the court to intervene in this matter. The derogatory, erroneous, and inaccurately reported information still remains on the Plaintiff's Credit report to date. The Plaintiff has requested confirmation and disputed this alleged account with Equifax and Experian on several occasions, and they all have confirmed that they are reporting it correctly as advised by FNBO.

16. The Defendant must also accurately and consistently inform the major credit reporting agencies (i.e. Equifax, Experian, TransUnion) that the alleged account is in dispute, which the Defendant has not done. The Defendant has continued reporting erroneous and inaccurate information by updating the Plaintiff's credit report for more than one year even after being informed of a dispute by the Plaintiff several times, and asked for proof of any account, which the Defendant has not proved to-date.

17. Plaintiff has a negative Equifax credit score of 507, Experian credit score of 502, and TransUnion credit score of 466, as of this date. Plaintiff has lost and been denied credit at reasonable rates because of the willful noncompliance actions and erroneous and inaccurate reporting and/or inaction's of the Defendant. Plaintiff has suffered irreparable injury in the form of Defamation of character.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681s-2]
### WILLFUL NON-COMPLIANCE BY DEFENDANT FNBO

18. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).
19. FNBO is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.
20. FNBO willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:
21. FNBO willfully violated 15 U.S.C. § 1681s-2 (a)(8)(E)(i) by failing to conduct an investigation with respect to the disputed information after receiving disputes from the consumer several times, while continuing to report negatively in the consumer's credit report.
( See attached **Exhibit 1**, example of a dispute letter and affidavit sent repeatedly to FNBO.)
22. **WHEREFORE**, Plaintiff demands judgment in the amount of $8,000 for each instance of dispute the Defendant failed to conduct an investigation on while willfully continuing to report negatively in the consumer's credit report, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n (a).

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681s-2]
## WILLFUL NON-COMPLIANCE BY DEFENDANT FNBO

23. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

24. FNBO is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

25. FNBO willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

26. FNBO willfully violated 15 U.S.C. § 1681s-2 (a)(8)(F)(ii) by inferring from its non-dispute and inaction to Plaintiff's dispute that it deemed the dispute frivolous, then failing to provide a notice of determination that the dispute is frivolous or irrelevant not later than 5 business days after making such determination.

27. **WHEREFORE**, Plaintiff demands judgment in the amount of $8,000 for each instance the Defendant received the Plaintiff's dispute and failed to provide a notice to the Plaintiff of determination that the dispute is frivolous or irrelevant, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n (a).

## THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681s-2]
## WILLFUL NON-COMPLIANCE BY DEFENDANT FNBO

28. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

29. FNBO is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

30. FNBO willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

31. FNBO willfully violated 15 U.S.C. § 1681s-2 (a)(7)(A)(i) by failing to provide a notice of furnishing of negative information to Equifax and Experian, in writing, to the customer.

32. **WHEREFORE**, Plaintiff demands judgment in the amount of $2,000 for failing to provide a notice of furnishing of negative information to Equifax and Experian, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n (a).

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681s-2]
## WILLFUL NON-COMPLIANCE BY DEFENDANT FNBO

33. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

34. FNBO is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

35. FNBO willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

36. After receiving a dispute several times from the consumer and not determining and notifying the consumer that the dispute has been determined to be frivolous or irrelevant, FNBO willfully violated 15 U.S.C. § 1681s-2 (a)(1)(A) by continuing to furnish negative information relating to a consumer with reasonable cause to believe that the information is inaccurate.

37. FNBO willfully violated 15 U.S.C. § 1681s-2 (a)(1)(B) by continuing to furnish inaccurate information to Equifax and Experian after the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate.

38. FNBO willfully violated 15 U.S.C. § 1681s-2 (a)(2) by continuing to furnish inconsistent and inaccurate information between Equifax and Experian for 7 months.

39. FNBO willfully violated 15 U.S.C. § 1681s-2 (a)(3) by continuing to furnish negative information to Equifax and Experian without notice that such information is disputed by the consumer.

( See attached **Exhibit 2,** excerpts from Plaintiff's Equifax and Experian credit report with no notice of dispute, and inconsistent reporting across both agencies.)

40. **WHEREFORE,** Plaintiff demands judgment in the amount of $33,000 for each month the Defendant violated the act by updating the Plaintiff's credit reports with inaccurate and erroneous information, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n (a).

- 13 months X (2) Major reporting agencies (Equifax, Experian) X $1,000 = $26,000

- 7 months inconsistent reporting across Equifax and Experian X $1,000 = $7,000

Total judgment = $33,000

## VII. REQUEST FOR RELIEF

**WHEREFORE** the Defendant has violated the Fair Credit Reporting Act, the Plaintiff requests judgment in:

41. Defendant shall remove any derogatory information and inquiries from all three major credit-reporting agencies Equifax, Experian and TransUnion and any other known credit reporting agencies FNBO has used now or may use in the future.

42. Defendant provides a letter and or Universal Data Form indicating that they have done this and sends the same to the Plaintiff.

43. Defendant be prohibited from selling or transferring the alleged account to any other lender, collection agency, attorney or entity, and also barred now and in the future from re-entering this information into the Plaintiff's credit reports. The Defendant will also be prohibited from issuing a 1099C for this alleged debt.

44. Defendant cease and desist any further collection activities including legal actions if applicable against the Plaintiff, and the Defendant may not sell or transfer the alleged account to any other Collection Agency or Attorney or entity now or in the future.

45. For the amount of $51,000.00 in statutory damages for all violations of the FCRA.

46. For the amount of $209,800.00 for actual damages.

47. All costs of this action.

48. Punitive damages in the amount of $150,000.00.

Dated: April 11, 2016

Sign: _____

Peter Chang, Plaintiff in Pro Per

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: April 11, 2016

Sign: _____

Peter Chang, Plaintiff in Pro Per

# EXHIBIT 1

Example of a dispute letter and affidavit

sent repeatedly to

First National Bank of Omaha

From: Peter Chang
2377 Alamo Heights Dr Diamond Bar CA 91765

To: **First National Bank of Omaha** - 1620 Dodge St. SC-3105 Omaha NE 68197
6/5/15

Certified Mail No.  7014-2870-0001-8080-3306

RE: First National Bank of Omaha **Account No. 4412 9701 7293 3408**

## NOTICE OF DISPUTE

**Dear First National Bank of Omaha:**

This is in response to your claim that payment for an alleged debt is past due. However, "Fraud vitiates the most solemn Contracts, documents and even judgments" [U.S. vs. Throckmorton, 98 US 61, at pg. 65]. **Further, you did not answer any of the points in my letter, nor did you sign the affidavit. For these reasons, I am including them once again.**

This Notice is to confirm that your claim is disputed under **15 USC § 1692 et seq. and California Civil Code Section 1689(b)(1)** Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to:  any breach of agreement, failure of consideration or material alterations, and that the original lender provided value.  Further, that the alleged account was transferred in good faith and by the consent of all parties involved.

After reasonable inquiry I have concluded that First National Bank of Omaha is in breach of the alleged agreement.  The following facts support my position in this matter:

1. First National Bank of Omaha failed to disclose to the alleged consumer Peter Chang (hereinafter "consumer") that First National Bank of Omaha used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby First National Bank of Omaha did not perform under the agreement and risked nothing of value.

2. First National Bank of Omaha has not used any of their own capital, funds, money or money equivalent to pay for any charges on the alleged account.

3. First National Bank of Omaha received "something-for-nothing" by using the consumer's note(s) to fund charges to the credit card account while retaining payments from consumer.

4. When accounts are 90 days or more overdue, First National Bank of Omaha receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

I want to receive absolute assurance from First National Bank of Omaha that they did not breach the agreement. In order to settle this matter, please sign or have an authorized officer sign the enclosed affidavit, confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

In addition please furnish me with the following information:

1) A complete statement of Damages, including each and every loss that First National Bank of Omaha incurred under the alleged agreement.

2) A front and back, true and correct copy of the alleged signed agreement (full & complete disclosure), and a detailed copy of the alleged account.

3) The name, address and telephone number of First National Bank of Omaha's CPA auditor.

4) A copy of your oath of office confirming you are not violating 15 USC §1692(e)3 and California Civil Code Section 1689(b)(1).

If you cannot verify this debt by the above listed means, then what right do you have, under FDCPA, to even send me a letter? Are you committing mail fraud?

All communications and omissions will be made part of and incorporated into any litigation arising from this matter. Failure to verify and validate the debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and an absolute waiver of any right to collect the alleged debt.

You must contact me in writing and request an extension in the event that you need more than thirty (30) days to verify and validate the debt. Failure to do so confirms that the time limit is reasonable. **This notice also constitutes Notice to Cease Telephonic Communications.**

### NOTICE
THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS. THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

Sincerely,

Signed without prejudice by     /Peter Chang

Cc:   Equifax, P.O. Box 740241 Atlanta, GA  30374;
      Experian, P.O. Box 4500, Allen, TX  75013;
      TransUnion, P.O. Box 2000 Chester, PA 19022

# AFFIDAVIT: VERIFICATION OF DEBT

**The undersigned affiant, being duly sworn, deposes and states:**

1.   That I have the requisite knowledge of the facts regarding "First National Bank of Omaha **Account Number: 4412 9701 7293 3408**" including the credit card agreement, account ledgers and bookkeeping entries;

2.   That First National Bank of Omaha does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Cardholder's signed receipts, promises to pay, notes, or other instruments;

3.   That First National Bank of Omaha used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Cardholder;

4.   That First National Bank of Omaha did not accept, receive or deposit any money, money equivalent, note, credit or capital from the Cardholder to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5.   That First National Bank of Omaha incurred financial losses and has been damaged in the amount of **$18,246.79**, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Cardholder;

6. When accounts are 90 days or more overdue, First National Bank of Omaha does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

7. That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Cardholder in the credit card agreement and promissory note;

8. That First National Bank of Omaha is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9. That I have personal knowledge that the Credit Card agreement and promissory notes were not altered or forged in any way.

<u>ATTESTATION</u>

The facts stated above are true, correct and complete.

Signed by:                                          Subscribed and Sworn before me this_____
                                                    Day of_____, 2_____ .

_____

                                                    The State of_____

                                                    County of_____

Print Name & Title

                                                    _____
                                                    Signature & Seal of Notary

# EXHIBIT 2

Excerpts from Plaintiff's Equifax and Experian

credit report with no notice of dispute,

and inconsistent reporting across both agencies

## FNB OMAHA

|  | | | |
|---|---|---|---|
| Account Number: | 51077XXXXXXXXXX | 5107771XXXX | 51077XXXXXXXXXX |
| Payment Responsibility: | Individual | Individual | Individual |
| Date Opened: | 09/2007 | 09/2007 | 09/2007 |
| Balance Date: | 02/2016 | 02/2016 | 02/2016 |
| Balance Amount: | $18,519 | $18,519 | $18,519 |
| Monthly Payment: | $0 | | |
| High/Limit: | $18,519 | $19,200 | $19,200 |
| Account Status: | Collection | Collection | Late Over 120 Days |
| Past Due Amount: | $18,519 | $18,519 | $18,519 |
| Comments: | LAST REPORTED DELINQUENCIES: 06/2015=R5,05/2015=R5,04/2015=R5 CREDIT CARD CHARGED OFF ACCOUNT | DISPUTE RESOLVED REPORTED BY GRANTOR | DISPUTE RESOLVED ACCOUNT DELINQUENT 180 DAYS PAST DUE DATE LAST REPORTED DELINQUENCIES: 07/2015=R9 CHARGE OFF LAST PAID: 11/2014 |

## FNB OMAHA

1620 Dodge St
Omaha, NE-681970003
(800) 444-9375

*Inconsistent reporting*

### 24-Month Payment History

**Equifax**

| * | * | * | * | * | * | * | 120 | 120 | 120 | 90 | 60 | 30 | * | * | * | * | * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb |
| 16 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 14 | 14 | 14 | 14 | 14 | 14 | 14 | 14 | 14 | 14 | 14 | 14 |

**TransUnion**

No 24-Month Payment Data available for display.

**Experian**

| CO | CO | CO | CO | CO | CO | CO | CO | 120 | 120 | 90 | 60 | 30 | * | * | * | * | * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar |
| 16 | 16 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 14 | 14 | 14 | 14 | 14 | 14 | 14 | 14 | 14 | 14 | 14 |

### Seven-Year Payment History

| | Equifax | TransUnion | Experian |
|---|---|---|---|
| 30 Days Past Due: | 0 | 0 | 1 |
| 60 Days Past Due: | 0 | 0 | 1 |
| 90 Days Past Due: | 0 | 0 | 4 |

## FNB OMAHA

| | Equifax | TransUnion | Experian |
|---|---|---|---|
| Account Type: | | Revolving | |
| Account Number: | | 4841597XXXX | |
| Payment Responsibility: | | Individual | |
| Date Opened: | | 09/2007 | |
| Balance Date: | | 03/2012 | |
| Balance Amount: | | $0 | |
| Monthly Payment: | | | |
| High/Limit: | | $15,000 | |
| Account Status: | | As Agreed | |
| Past Due Amount: | | $0 | |
| Comments: | | LOST OR STOLEN CARD | |

**:::. Experian**
A world of insight

Prepared for: PETER CHANG
Date: March 25, 2016
Report number: 2292-0982-84

Page 3 of 14

Your accounts that may be considered negative (continued)

**1ST NATIONAL BANK OF OMAHA**
PO BOX 3412
OMAHA NE 68103
Phone number:
(800) 688-7070
Partial account number:
5107...
Address identification number:
0182054...

| | |
|---|---|
| Date opened | Sep 2007 |
| First reported | Feb 2013 |
| Date of status | Jul 2015 |
| Type | Credit card |
| Terms | Not reported |
| Monthly payment | Not reported |
| Credit limit or original amount | $19,200 |
| High balance | $18,519 |
| Recent balance | $18,519 as of Mar 2016 |
| Responsibility | Individual |
| Status | Account charged off. $18,519 written off. $18,519 past due as of Mar 2016. This account is scheduled to continue on record until Oct 2021. |
| Comment | Account previously in dispute - investigation complete, reported by data furnisher. This item remained unchanged from our processing of your dispute in Apr 2015. |

*No Dispute Notice* [handwritten annotation]

**Payment history**

| 2016 | Feb16 | Jan16 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | MAR FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR FEB |
| | CO CO | CO | CO | CO | CO | CO | CO | 180 | 150 | 120 | 90 | 60 30 |

| 2015 | Dec15 | Nov15 | Oct15 | Sep15 | Aug15 | Jul15 | Jun15 | May15 | Apr15 | Mar15 | Feb15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AB | 18,519 | 18,519 | 18,519 | 18,519 | 18,519 | 18,519 | 18,519 | 18,519 | 18,519 | 18,519 | 18,519 |
| DPR | Nov19 | Nov19 | Nov19 | Nov19 | Nov19 | Nov19 | Nov19 | Nov19 | Nov19 | Nov19 | Nov19 |
| SPA | ND | ND | ND | ND | ND | ND | ND | ND | 370 | 370 | 454 |
| AAP | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | 325 |

| 2014 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Dec14 | Nov14 | Oct14 | Sep14 | Aug14 | Jul14 | Jun14 | May14 | Apr14 | Mar14 | | |
| AB | 18,246 | 14,770 | 14,338 | 14,513 | 14,530 | 14,600 | 14,860 | 14,802 | 14,963 | 15,130 | | |
| DPR | Nov19 | Nov19 | Oct20 | Sep22 | Aug19 | Jul21 | Jun20 | May19 | Apr21 | Mar19 | | |
| SPA | 494 | 341 | 322 | 369 | 326 | 328 | 368 | 327 | 350 | 366 | | |
| AAP | ND | 325 | 370 | 330 | 330 | 370 | 330 | 350 | 370 | 390 | | |

| 2013 | | | | | | |
|---|---|---|---|---|---|---|
| | JAN DEC NOV OCT SEP AUG JUL | | | | | |
| | OK OK OK OK OK OK OK | | | | | |

▲ Between Dec 2014 and Feb 2016, your credit limit/high balance was $19,200.
▲ Between Mar 2014 and Nov 2014, your credit limit/high balance was $15,000.

**Account history** -- If your creditor reported your account balances to us, we list them in this section, as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.

AB = Account balance ($)   DPR = Date payment received   SPA = Scheduled payment amount ($)   AAP = Actual amount paid ($)

# EQUIFAX

**CREDIT FILE : February 18, 2016**
**Confirmation # 6047030414**

P. O. Box 105518
Atlanta, GA 30348

000003781 F0ECA0219160228120000 01 000000
002158786-7709
Peter C Chang
2377 Alamo Heights Dr
Diamond Bar, CA 91765-3202

Dear Peter C Chang:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at www.equifax.com/CreditReportAssistance or Call us at 866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

### Credit Account Information
(For your security, the last 4 digits of account number(s) have been replaced by *)
(This section includes open and closed accounts reported by credit grantors)

| Account History Status Code Descriptions | 1 : 30-59 Days Past Due<br>2 : 60-89 Days Past Due<br>3 : 90-119 Days Past Due<br>4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due<br>6 : 180 or More Days Past Due<br>G : Collection Account<br>H : Foreclosure | J : Voluntary Surrender<br>K : Repossession<br>L : Charge Off |

>>> **We have researched the credit account. Account # - 51077718034\*** The results are: We verified that this item belongs to you. We have verified that this item has been reported correctly. If you have additional questions about this item please contact: **FNB OMAHA, 1620 Dodge St, OMAHA NE 68197-0003 Phone: (800) 444-9375**

**No Dispute Notice**

**FNB OMAHA** 1620 Dodge St, Omaha NE 68197-0003 (800) 444-9375

| Account Number | Date Opened | High Credit | Credit Limit | Scheduled Paymnt Amount | Actual Paymnt Amount | Date of Last Paymnt | Terms Duration | Terms Frequency | Date of Last Activity | Date Maj. Del. 1st Rptd | Date of 1st Delinquency | Months Revd | Charge Off Amount | Activity Designator | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 51077718034* | 09/01/2007 | $0 | $19,200 | $0 | $0 | 11/2014 | | Monthly | 02/2015 | 07/2015 | 01/2015 | 51 | $18,519 | | | $0 | | | |

| Items As of Date Reported | Balance Amount |
|---|---|
| 02/18/2016 | $18,519 |

| Amount Past Due |
|---|
| $18,519 |

Status - Charge Off; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account; ADDITIONAL INFORMATION - Charged Off Account; Credit Card;

| Account History with Status Codes | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | L | L | L | L | L | L | L | L | 6 | 5 | 4 | 3 | 2 | 1 |

Page 1 of 2

( Continued On Next Page )

6047030414APPLADM-002158786- 7709 - 8850

Exh. 2 - Page 15 of 15

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )

PETER CHANG

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

FIRST NATIONAL BANK OF OMAHA, NA

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Douglas
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

2377 Alamo Heights Dr Diamond Bar CA 91765
626-905-1555

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No [X] **MONEY DEMANDED IN COMPLAINT:** $ 260,800

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Fair Credit Reporting Act. Reporting erroneous and inaccurate information and defamation of character.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 376 Qui Tam (31 USC 3729(a)) | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 400 State Reapportionment | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 410 Antitrust | [ ] 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 430 Banks and Banking | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 310 Airplane | [ ] 370 Other Fraud | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 450 Commerce/ICC Rates/Etc. | | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 460 Deportation | [ ] 151 Medicare Act | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 470 Racketeer Influ- enced & Corrupt Org. | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 480 Consumer Credit | | [ ] 340 Marine | **BANKRUPTCY** | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 490 Cable/Sat TV | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 850 Securities/Com- modities/Exchange | | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 891 Agricultural Acts | [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [X] 440 Other Civil Rights | [ ] 690 Other | |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 362 Personal Injury- Med Malpratice | [ ] 441 Voting | **LABOR** | |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 365 Personal Injury- Product Liability | [ ] 442 Employment | [ ] 710 Fair Labor Standards Act | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accommodations | [ ] 720 Labor/Mgmt. Relations | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | | [ ] 445 American with Disabilities- Employment | [ ] 740 Railway Labor Act | |
| | [ ] 220 Foreclosure | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 446 American with Disabilities-Other | [ ] 751 Family and Medical Leave Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | | [ ] 448 Education | [ ] 790 Other Labor Litigation | |
| | | | | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV16-02503**

CV-71 (02/16) CIVIL COVER SHEET Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**

☒ NO ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____ DATE: April 4, 2016

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |